

# The Attorney General of Texas

July 25, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Mr. Charles F. Blackburn
Executive Secretary
State Board of Barber Examiners
5555 N. Lamar, H-111
Austin, Texas 78751

Opinion No. H-1215

Re: Limitation on business activities of barber inspectors and on members of the Board of Barber Examiners.

Dear Mr. Blackburn:

You ask two questions in reference to article 8407a, section 27a, V.T.C.S. The first is whether section 27a prohibits barber inspectors and other employees of the Board of Barber Examiners from owning a barber shop or barber school. The second is whether section 27a limits members of the Board of Barber Examiners in any of their business activities.

Section 27a(a), which is a penal statute, states:

> No barber inspector or other employee of the State Board of Barber Examiners may sell barber supplies or engage in any other business which deals directly with barbers, barber shops, or barber schools except that he may engage in the business of barbering.

It is our opinion that section 27a does not prohibit ownership of a barber shop or school. The caption to the bill of which section 27a is a part refers to that section as one "relating to selling of barber supplies by certain persons and proscribing a penalty for violation." Acts 1967, 60th Leg., ch. 746, at 2018. Also, when a general phrase such as "any other business" follows a more specific phrase such as "sell[ing] barber supplies," then the latter phrase is not to be given its widest possible construction. 53 Tex. Jur.2d, Statutes § 155. The language of the text and the caption indicates that the purpose of the section is to prevent a situation where barber inspectors might be able to coerce barbers into buying supplies from them. There is no indication that the legislature was concerned with whether the inspectors owned a barber shop or school. See V.T.C.S. art. 8407a, § 26 (four members of the Board of Barber Examiners are required to be barber shop or barber school owners).

Nor do we believe that board members are restricted by the provisions of section 27a. By the section's express terms it only prohibits any "barber inspector or other employee...." The plain and unambiguous meaning of a statute must generally prevail. Attorney General Opinion H-193 (1974); 53 Tex. Jur.2d, Statutes § 135.

This opinion should not be construed to express any view on whether the discussed conduct violates any provisions of the State Ethics Law, article 6252-9b, V.T.C.S., or of chapter 36 of the Penal Code. See generally Attorney General Opinions H-313 (1974); H-255 (1974).

## S U M M A R Y

Article 8407a, section 27a, V.T.C.S., does not prohibit barber inspectors or other employees of the State Board of Barber Examiners from owning a barber shop or barber school, nor does it restrict board members in their business activities.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn